# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DARNELL NOLLEY, | : |
| Plaintiff, | : |
| v. | : No. 5:15-CV-149-CAR-MSH |
| CYNTHIA NELSON, *et al.*, | : |
| Defendants. | : |

## ORDER ON RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and Recommendation [Doc. 109] to deny Waseem Daker's Motion to Intervene in this action. Daker has timely filed an Objection [Doc. 110] to the Recommendation. Having considered the Recommendation and Objection pursuant to 28 U.S.C. § 636(b)(1), the Court finds Daker's Objection fails to overcome the finding that his Motion should be denied because he cannot use intervention as a means to bypass the requirements of the Prison Litigation Reform Act ("PLRA"), he does not have a right to intervene, and he is not entitled to permissive intervention.

Even assuming his Motion is timely, and despite his contentions otherwise, Daker has no right to intervene, and he is not entitled to permissive intervention. The Magistrate Judge correctly determined Daker does not have an interest in Plaintiff's disciplinary hearing claim, as the claims concern different transactions and issues.

1

Daker also has no direct interest in Plaintiff's two amended claims because (1) Daker is confined at a different prison and different Tier II than Plaintiff; (2) the initial confinement in Tier II that Daker contends violated his due process was a different transaction than Plaintiff's initial confinement; and (3) with the exception of one Defendant, Defendants in Plaintiff's case were not involved in Daker's alleged initial confinement or continued confinement.

Furthermore, as explained in the Recommendation, the PLRA supersedes any possible right an intervenor would have for permissive intervention or intervention as of right. Daker has accrued more than three "strikes," and thus, he must pay the full filing fee at the time he initiates suit.[1] Daker cannot use the intervention provisions of Rule 24 to circumvent the restrictions of the PLRA. Even if Rule 24 would allow Daker to permissibly intervene or intervene as of right, the PLRA requirement overrides Rule 24, and thus bars Daker's intervention.[2] The Court is unpersuaded by Daker's arguments that *Hubbard* is not applicable in this case.

Therefore, after reviewing these matters *de novo*, the Court agrees with the findings and conclusions of the Magistrate Judge. Accordingly, the Recommendation [Doc. 109] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT.** Daker's Motion to Intervene [Doc. 84] is **DENIED**.

---

[1] *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).
[2] *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001).

**SO ORDERED,** this 15th day of August, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT