IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARNELL NOLLEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL No: 5:15-cv-00149-TES-CHW |
| v. | : | |
| GREGORY MCLAUGHLIN, | : | Proceedings Under 42 U.S.C. §1983 |
| *et al.*, | : | Before the U.S. Magistrate Judge |
| Defendant | : | |

**ORDER**

Currently pending before the Court are Plaintiff's Motion for Reconsideration (Doc. 154), in which Plaintiff challenges the Court's denial of his Motion for Default Judgment, and Plaintiff's Motion to Appoint Counsel (Doc. 158). Plaintiff has also filed several letters (Docs. 155, 156, 157). Each of Plaintiff's filings is discussed, in turn, below.

**Motion for Reconsideration**

In his Motion for Reconsideration, Plaintiff contends the Court committed two errors: (1) denying his Motion for Default Judgment because Defendants failed to file an Answer to Plaintiff's Second Amended Complaint; and (2) "holding that the remaining claims going forward are Plaintiff's due process claims against Defendants McLaughlin, Myrick, Fountain, Demundo, and Ellison" because he has also alleged an Eighth Amendment claim that must go forward. Doc. 154; Doc. 148. For the following reasons, Plaintiffs' Motion is denied.

Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. "Reconsideration is appropriate 'only if the movant

1

demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law.'" *Bingham v. Nelson*, No. 5:08-CV-246 (CAR), 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (quoting *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997)). Importantly, "[a] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once determined." *Pennamon v. United Bank*, No. 5:09-CV-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quotation omitted). It does not appear that Plaintiff alleges that the governing law has changed or that new evidence has been discovered; rather, Plaintiff alleges that the Court made a clear error of law. Doc. 154.

First, Plaintiff has failed to demonstrate that the Court erred in denying his Motion for Default Judgment. A defendant must respond to every complaint, and a default judgment may be entered when a defendant has failed to answer, or otherwise respond to, a complaint. Fed. R. Civ. P. 12(a)(1)(A); Fed. R. Civ. P. 55(a)-(b)(2); *Estate of Faull by Jacobus v. McAfee*, 2018 WL 834244, at *4 (11th Cir. Feb. 13, 2018); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). District courts have broad discretion to determine whether a default judgment is appropriate, and default judgments are generally disfavored. Fed. R. Civ. P. 55(b)(2); *McAfee,* 2018 WL 834244, at *4; *Surtain*, 789 F.3d at 1244-45.

Generally, "an amended complaint supersedes the initial complaint and becomes the operative pleading in [a] case." *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011)(quoting *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1219 (11th Cir.2007)). When a plaintiff files an amended complaint that "changes the theory or scope of the case," the "defendant will be allowed to plead anew in response to an amended complaint, as if it were the initial complaint [. .

. .]" *Dasher v. RBC Bank (USA)*, 882 F.3d 1017, 1025 (11th Cir. 2018) (quoting *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011)). The Eleventh Circuit has held that "[i]t simply would be unfair to allow [a] plaintiff to change the scope of the case without granting the defendant an opportunity to respond anew." *Krinsk,* 654 F.3d at 1202.

This case has a long and complicated procedural history, with multiple Defendants, Motions to Dismiss, and Motions to Amend. Plaintiff has filed several amended complaints, and Defendants have litigated their position at every step of this case. Plaintiff filed his Initial Complaint on April 27, 2015. Doc. 1. Plaintiff filed a Motion to Amend in March of 2016 (Doc. 44), and upon an Order of this Court (Doc. 45), Plaintiff's complaint from another case was consolidated to this case to serve as Plaintiff's Amended Complaint. Doc. 46. Following a Motion to Dismiss (Doc. 31), the Court Ordered the following:

1. Plaintiff was allowed to add due process claims against Defendants Bobbitt, Henderson, Bostick, and Giles.
2. Plaintiff's due process claim relating to an October 2014 disciplinary hearing against Defendants Ellison, Demundo, McLaughlin, Myrick, and Upton was allowed to proceed.
3. Plaintiff's excessive force claims against Defendants McLaughlin, Blakely, Jones, McIntyre, Jackson, Ridley, Eddie, Cox, and Woolfork were dismissed.
4. Plaintiff's failure to provide adequate medical treatments claims against Defendants Haynes and Frazier were dismissed.

Doc. 65, p. 4. Defendants Ellison, Demundo, McLaughlin, Myrick, and Upton filed another Motion to Dismiss (Doc. 71), which the Court denied, adding that "Plaintiff's claims against Defendants McLaughlin, Myrick, Upton, Demundo, and Ellison are to proceed pursuant to the previous Order [Doc. 65]." Doc. 111; *see* Doc. 108.

Defendants Bobbitt, Henderson, Bostick, and Giles, the Defendants Plaintiff added in his First Amended Complaint (Doc. 46), filed a Motion to Dismiss on May 25, 2017. Doc. 104. Pursuant to this District's policy regarding *pro se* prisoner litigants, the Court notified Plaintiff of

3

the dispositive order. Doc. 105. The Court informed Plaintiff that Plaintiff "should, therefore, take the opportunity to amend his complaint to cure, if possible, the deficiencies addressed in *Defendants'* motion to dismiss." Doc. 105, p. 2 (emphasis added). Plaintiff took this opportunity to file a Second Amended Complaint (Doc. 106), re-alleging numerous allegations against several Defendants, not just the Defendants who filed the pending Motion to Dismiss. Plaintiff's Second Amended Complaint alleged the following allegations:

1. Excessive Force/Misuse of Force claim against Defendants McLaughlin, Blakely, Jones, McIntyre, Jackson, Ridley, Eddie, Cox, and Woolfork. Doc. 106, pp. 6-8.
2. Denial of Due Process claim based on his October 2014 disciplinary hearing against Defendants Ellison, Demundo, McLaughlin, Myrick, and Upton. *Id.* at 8-10.
3. Failure to provide adequate medical treatments claims against Defendants Haynes and Frazier. *Id.* at 10-11.
4. An Eighth Amendment claim for "disproportionate punishment" due to his prolonged confinement in segregation. Plaintiff did not state which Defendants this claim was against. *Id.* at 12.

Of note, in Plaintiff's Second Amended Complaint (Doc. 106), Plaintiff did not allege or mention any due process claims against Defendants Bobbitt, Henderson, Bostick, or Giles, the Defendants whose Motion to Dismiss (Doc. 104) was currently pending. Also of importance, Plaintiff re-alleged *identical* claims from his First Amended Complaint (Doc. 46) that were previously dismissed. *Compare First Amended Complaint* Doc. 46, pp. 10-15 *with Second Amended Complaint* Doc. 106, pp. 6-11; *see Court Order* Doc. 65.

While Defendants Bobbitt, Henderson, Bostick, and Giles' Motion to Dismiss (Doc. 104) was pending, Defendants Fountain, McLaughlin, Ellison, Demundo, and Myrick filed their Answers. Docs. 115, 116, 117, 118, 119. Although Plaintiff had filed his Second Amended Complaint (Doc. 106), Defendants filed Answers to Plaintiff's First Amended Complaint (Doc. 46). Docs. 115, 116, 117, 118, 119. Defendants Bobbitt, Henderson, Bostick, and Giles' Motion to Dismiss (Doc. 104) was ultimately granted, and these Defendants have been dismissed from

4

this case. Doc. 148.

The mere fact that Defendants Fountain, McLaughlin, Ellison, Demundo, and Myrick filed their Answer to Plaintiff's First Amended Complaint, and not the second, does not warrant default judgment. As detailed above, Plaintiff's Second Amended Complaint was not substantially different from Plaintiff's First Amended Complaint. The Second Amended Complaint did not alter the scope or theory of Plaintiff's First Complaint or case, and in fact, a majority of the Second Amended Complaint is an exact replica of Plaintiff's First Amended Complaint. Although the best practice would have been for Defendants Fountain, McLaughlin, Ellison, Demundo, and Myrick to have filed Answers to Plaintiff's Second Amended Complaint (Doc. 106), that failure does not warrant default judgment here.[1]

Plaintiff also fails to establish the Court erred in holding that only Plaintiff's due process claim remains in this case. Plaintiff argues that the Court failed to address his Eighth Amendment "disproportionate punishment" claim. Doc. 154, p. 3. However, as set forth in the Order (Doc. 148), the Court reviewed Plaintiff's Second Amended Complaint (Doc. 106), and held that "the ONLY remaining claims going forward are Plaintiff's due process claims against Defendants McLaughlin, Myrick, Fountain, Demundo, and Ellison. All other claims are DISMISSED." Doc. 148, p. 3. Thus, while not specifically stated, the Court did address Plaintiff's claims.

Furthermore, because Plaintiff has attempted to raise his Eighth Amendment claims in previous actions, his attempt to bring forth an Eighth Amendment claim in this action is barred

---

[1] Although not an excuse for Defendants, the Court is well aware of the difficulty of *pro se* litigation. Courts must liberally construe the filings of *pro se* litigants. *In re Echeverry*, 2018 WL 509307, at *1 (11th Cir. Jan. 23, 2018); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("*[P]ro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally.") The Court is also well aware that the practical aspect of "liberally construing" *pro se* filings means that opposing parties, and the Court, must refer to several documents when dealing with a single issue, complaint, or motion.

by the doctrine of claim preclusion. Claim preclusion bars parties from relitigating matters that were, or could have been litigated in an earlier suit. *Montana v. United States,* 440 U.S. 147, 153–54 (1979); *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010). Claims are barred whenever: (1) a court of competent jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action. *Ferrier v. Atria*, 2018 WL 1433742, at *3 (11th Cir. Mar. 22, 2018); *Shurick*, 623 F.3d 1114, 1116–17 (11th Cir. 2010); *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). If the claim in the new suit was or could have been raised in the prior action due to the new claim involving the "same nucleus of operative fact" as the old claim, claim preclusion applies. *Ferrier*, 2018 WL 1433742, at *3; *In re Piper Aircraft Corp.*, 244 F.3d at 1296-97.

The requirements for claim preclusion are satisfied here. Plaintiff filed a previous case in this Court, *Nolley v. Nelson, 5:15-cv-00075* ("*Nolley I*"), challenging his initial confinement and continued confinement in Tier II at Macon State Prison. *Nolley I*, Docs. 1, 9, 11. In his complaint, amended complaints, and briefs, Plaintiff detailed the conditions of confinement in Tier II and attempted to bring a "freestanding Eighth Amendment claim[.]" *Nolley I,* Doc. 9, Doc. 50, pp. 19-21, Doc. 93, pp. 7-12, Doc. 97. The Court granted summary judgment in favor of the defendants as to all claims. *Nolley I*, Doc. 142. Because a court of competent jurisdiction has entered a final judgment on the merits in another case involving the same cause of action, elements one, two, and four of the claim preclusion test have been clearly satisfied.

Regarding the third element, while not all Defendants are identical, several of the Defendants in the case at bar were also Defendants in *Nolley I*. There are several exceptions to the "same party" element for nonparty claim preclusion, including an exception when "a substantive legal relationship existed between the person to be bound and a party to the

6

judgment" or when "the nonparty was adequately represented by someone who was a party to the suit[.]" *Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010); *McCully v. Bank of America, N.A.*, 605 F. App'x 875, 877 (11th Cir. 2015); *Orton v. Caliber Home Loans*, 2016 WL 7210448, at *3 (N.D. Ala. Dec. 13, 2016). Both of these exceptions are present in this case, as the Defendants from both the present case and *Nolley I* all work for the Georgia Department of Corrections, and all of the Defendants, in both cases, were represented by the Georgia Attorney General's Office.[2] Plaintiff had every opportunity to raise his Eighth Amendment claims against all of these defendants in *Nolley I*. Any attempt to bring such claims now is barred.[3]

In summary, the Court did not commit clear error in denying Plaintiff's Motion for Default Judgment, and all of Plaintiff's claims have been properly addressed. The Court reiterates its previous order that "Plaintiff's Second Amended Complaint is the controlling Complaint in this case," and "the ONLY remaining claims going forward are Plaintiff's due process claims against Defendants McLaughlin, Myrick, Fountain, Demundo, and Ellison. All other claims are DISMISSED." Doc. 148, p. 3. Accordingly, Plaintiff's Motion for Reconsideration (Doc. 154) is **DENIED.**

The Court will allow Defendants Fountain, McLaughlin, Ellison, Demundo, and Myrick, if they wish, an opportunity to file Answers to Plaintiff's Second Amended Complaint (Doc. 106), only with regard to Plaintiff's due process claim. Defendants have **TWENTY-ONE (21)**

---

[2] The Court notes that the current Counsel for Defendants in this case substituted for the Attorney General's office in January of 2018. Doc. 146.

[3] *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010)("Although Federal Rule of Civil Procedure 8(c) classifies claim preclusion as an affirmative defense, "[d]ismissal by the court sua sponte on res judicata grounds ... is permissible in the interest of judicial economy where both actions were brought before the same court." *Boone v. Kurtz,* 617 F.2d 435, 436 (5th Cir.1980); *cf. Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc*) ("[T]he decisions of the United States Court of Appeals for the [former] Fifth Circuit ... shall be binding as precedent in the Eleventh Circuit ...."). And "[w]e may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." *Thomas v. Cooper Lighting, Inc.,* 506 F.3d 1361, 1364 (11th Cir.2007).

**DAYS** from this Order in which to file an Answer to Plaintiff's Second Amended Complaint. All summary judgment motions will be due **TWENTY-ONE (21) DAYS** after Defendants' Answer is due. The previous deadline of April 9, 2018 (Doc. 163) is **VACATED**, and Defendants' Second Motion for Extension of Dispositive Motion Deadline (Doc. 166) is **MOOT**.

**Motion to Appoint Counsel**

Plaintiff has also filed a Second Motion to Appoint Counsel. Doc. 158. The Court stated in its order denying the first Motion for Counsel (Doc. 25) that the Court "**on its own motion**, will consider assisting him in securing legal counsel [if it was ever required to avoid prejudice to Plaintiff's rights.] Consequently, there is no need for Plaintiff to file additional requests for counsel." Doc. 28. After review of Plaintiff's current Motion, Plaintiff's position still does not require the appointment of counsel. Plaintiff has succeeded in defending against dispositive motions, and the complexity of the case has not changed since the Court's previous denial of the appointment of counsel. Plaintiff's Motion (Doc. 158) is therefore **DENIED.**

**Plaintiff's Letters**

Plaintiff has submitted several letters to the Clerk of Court. Doc. 155, Doc. 156, Doc. 157. It is not clear that Plaintiff is requesting any relief in these letters, which raise complaints regarding prison mail policies and access to legal materials. To the extent Plaintiff seeks to bring new claim regarding a prison official's interference with legal mail, such a claim would be properly the subject of a separate suit. As to Plaintiff's request for a copy of the docket (Doc. 157), the Clerk is **DIRECTED** to send Plaintiff a copy of the current docket sheet.

**CONCLUSION**

In light of the foregoing, the Court hereby **DENIES** Plaintiff's Motion for Reconsideration (Doc. 154) and Plaintiff's Motion to Appoint Counsel (Doc. 158). Defendants

have **TWENTY-ONE (21) DAYS** from this Order in which to file an Answer to Plaintiff's Second Amended Complaint with regard to Plaintiff's due process claim. All summary judgment motions will be due **TWENTY-ONE (21) DAYS** after Defendants' Answer is due. The previous deadline of April 9, 2018 (Doc. 163) is **VACATED**, and Defendants' Second Motion for Extension of Dispositive Motion Deadline (Doc. 166) is **MOOT**.

**SO ORDERED** this 11th day of April, 2018.

**S/ Tilman E. Self, III**
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**