# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DARNELL NOLLEY,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY MCLAUGHLIN, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.<br>5:15-cv-00149-TES-CHW |

**ORDER DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS***

_____

Presently pending before the Court is *pro se* Plaintiff Darnell Nolley's motion for leave to appeal *in forma pauperis* from the Court's April 11, 2018 Order denying Plaintiff's motion for appointed counsel. [Docs. 167, 177]. For the following reasons, the Court **DENIES** Plaintiff's motion. [Doc. 177].

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Plaintiff states in his motion to proceed *in forma pauperis* that he ultimately "seeks to petition the Supreme Court for a writ of certiorari concerning whether the denial of appointment of counsel is immediately appealable" in his § 1983 case. [Doc. 177 at 2]. While Plaintiff correctly observes that a circuit split exists as to this issue, the Eleventh Circuit has clearly held, in an *en banc* opinion, that "an order denying a motion for appointed counsel in an in forma pauperis action brought pursuant to 42 U.S.C. § 1983" is not immediately appealable under 28 U.S.C. § 1291. *Holt v. Ford*, 862 F.2d 850, 851 (11th Cir. 1989) (en banc). *But see, e.g., Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir.

1986) (per curiam) (holding that ruling denying motion for appointed counsel in § 1983 case was appealable as a final order pursuant to § 1291); *see also Welch v. Smith*, 484 U.S. 903 (1987) (White, J. & Blackmun, J., dissenting from denial of certiorari on issue and noting circuit split). Moreover, the Court's review of its decision that Plaintiff is not presently entitled to the appointment of counsel reveals no arguable issues of merit therein. The appeal, therefore, is not brought in good faith. The Court accordingly **DENIES** Plaintiff's motion for leave to appeal *in forma pauperis* [Doc. 177].

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to Section 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this 5th day of June, 2018.

> S/ Tilman E. Self, III
> **TILMAN E. SELF, III, JUDGE**
> **UNITED STATES DISTRICT COURT**