# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DARNELL NOLLEY,<br><br>Plaintiff,<br><br>v.<br><br>GREGORY MCLAUGHLIN, *et al.*,<br><br>Defendants. | CIVIL ACTION NO.<br>5:15-cv-00149-TES-CHW |

## ORDER DENYING MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Presently pending before the Court is Waseem Daker's ("Movant") *pro se* motion for leave to appeal *in forma pauperis* [Doc. 124], in which Mr. Daker seeks to appeal the Court's August 15, 2017 order adopting the United States Magistrate Judge's recommendation and denying Movant's motion to intervene [Doc. 112].

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[1] If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal

---

[1] Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3).[2] "Good faith" means that an issue exists on appeal that is not frivolous under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (per curiam) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

In this case, Movant does not provide a statement of the specific issues he intends to present on appeal in his motion for leave to appeal *in forma pauperis*, *see* Fed. R. App. P. 24(a)(1)(C), and upon reviewing the record, the Court finds no issues of arguable merit

---

[2]The Court also notes that the "three strikes" provision of the Prison Litigation Reform Act also prohibits a prisoner from "appeal[ing] a judgment in a civil action or proceeding" *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Movant has had more than three of his cases or appeals dismissed on the statutorily-enumerated grounds prior to filing his notice of appeal in this case: *Daker v. Mokwa*, Order Denying Leave to Proceed IFP, ECF No. 2 in Case No. 2:14-cv-00395-UA-MRW (C.D. Cal. Feb. 4, 2014) (denying leave to proceed *in forma pauperis* and dismissing case after conducting screening under 28 U.S.C. § 1915(e)(2)(B) and finding claims were frivolous and failed to state a claim upon which relief may be granted); *Daker v. Warren*, Order Dismissing Appeal, Case No. 13-11630 (11th Cir. Mar. 4, 2014) (three-judge panel dismissal of appeal on grounds that appeal was frivolous); Order Dismissing Appeal, *Daker v. Warden*, Case No. 15-13148 (11th Cir. May 26, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Commissioner*, Case No. 15-11266 (11th Cir. Oct. 7, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Ferrero*, Case No. 15-13176 (11th Cir. Nov. 3, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Governor*, Case No. 15-13179 (11th Cir. Dec. 19, 2016) (three-judge panel dismissing appeal as frivolous). Movant has therefore accrued more than three "strikes" for purposes of § 1915(g), and he is thus precluded from proceeding *in forma pauperis* on appeal unless he is presently in imminent danger of serious physical injury. In light of the Court's finding that Movant's appeal is not taken in good faith, the Court finds it unnecessary to address whether Movant has demonstrated that he falls within § 1915(g)'s imminent danger exception.

2

for appeal. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the plaintiff). Thus, for the reasons contained in the Magistrate Judge's Recommendation [Doc. 109] and the Court's Order adopting the same [Doc. 112], the Court finds that Movant's appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3). Movant's motion for leave to appeal IFP [Doc. 124] is accordingly **DENIED.**

If Movant wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Movant has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Movant is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Movant's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Movant is incarcerated.

**SO ORDERED** this 17th day of July, 2018.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**